UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OMEGA US INSURANCE, INC., )<br>    *Plaintiff*, )<br> )<br>    *vs*. )<br> )<br>D&S INDY, INC. D/B/A COLONIAL INN, CHESTER HALL, DANIEL REED, AND SHANNON BOWMAN, )<br>    *Defendants.* ) | 1:11-cv-00355-JMS-TAB |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Plaintiff Omega US Insurance, Inc. ("Omega") filed an Amended Complaint against Defendants D&S Indy, Inc. d/b/a Colonial Inn ("Colonial Inn"), Chester Hall, Daniel Reed, and Shannon Bowman, alleging that diversity jurisdiction exists over this matter.[1]  [Dkt. 7 at 2 ¶ 11.] Omega asserts that the amount in controversy exceeds $75,000.  [*Id.* at 2 ¶ 10.]  Omega alleges that it is a citizen of Delaware and Illinois, while Colonial Inn, Mr. Hall, Mr. Reed, and Ms. Bowman are all citizens of Indiana.  [*Id.* at 1-2 ¶¶ 2, 4-6.]

Colonial Inn, Mr. Hall, and Mr. Reed have answered Omega's Amended Complaint.[2] [Dkts. 19, 20, 23.]  In its Answer, Colonial Inn admits that it is an Indiana citizen, [dkt. 20 at 1 ¶ 2], but responds that it is without sufficient knowledge or information to form a belief as to the citizenship of Mr. Hall, Mr. Reed, or Ms. Bowman and therefore denies Omega's allegations as to their citizenship, [*id.* at 2 ¶¶ 4-6].  Further, Colonial Inn states that it is without sufficient knowledge or information to form a belief as to Omega's allegations that the amount in contro-

---

[1] Omega initially named Debora Baker and Steven Baker as defendants in their Amended Complaint, [dkt. 7 at 1-2], but they were later dismissed by stipulation, [dkts. 30; 32].

[2] Ms. Bowman has not appeared, answered the Amended Complaint, or otherwise participated in this matter.

versy exceeds $75,000 or that this Court has diversity jurisdiction over this matter. [*Id.* at 2-3 ¶¶ 10-11.]

Mr. Reed and Mr. Hall admit that they are Indiana citizens, [dkts. 19 at 2 ¶ 5; 23 at 2 ¶ 4], but respond that they are without sufficient knowledge to admit or deny the citizenship of Colonial Inn, each other, or Ms. Bowman, [dkts. 19 at 1-2 ¶¶ 2, 4, 6; 23 at 1-2 ¶¶ 2, 5-6]. Both Mr. Reed and Mr. Hall deny that this Court has diversity jurisdiction over this matter. [Dkts. 19 at 3 ¶ 11; 23 at 3 ¶ 11.] Mr. Reed and Mr. Hall also both assert an affirmative defense that the Amended Complaint does not allege facts sufficient to support Omega's assertion that this Court has diversity jurisdiction. [Dkts. 19 at 5; 23 at 4.]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on the parties' answers to Omega's Amended Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **August 22, 2012** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs. Because Ms. Bowman has not appeared or answered the Amended Complaint, the joint jurisdictional statement shall also include a statement by Omega setting forth Omega's factual basis for the allegation that Ms. Bowman is

a citizen of Indiana, and a statement by each party regarding whether they have any information to dispute Omega's allegation regarding Ms. Bowman's citizenship.  If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **August 22, 2012** setting forth its view regarding the citizenship of each of the parties and the amount in controversy.

08/09/2012

                                      Hon. Jane Magnus-Stinson, Judge
                                      United States District Court
                                      Southern District of Indiana

**Distribution via ECF only:**

Nicholas F. Baker
THE HASTING LAW FIRM
nbaker@lawindianapolis.com

Thomas Edward Hastings
THE HASTINGS LAW FIRM
thastings@lawindianapolis.com

Dean L. Knapp
mel-hendricks@hotmail.com

A. Kristine Lindley
SKILES DETRUDE
klindley@skilesdetrude.com

Kori L. McOmber
SCHULTZ & POGUE LLP
kmcomber@schultzpoguelaw.com

Thomas R. Schultz
SCHULTZ & POGUE LLP
tschultz@schultzpoguelaw.com