UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OMEGA US INSURANCE, INC., | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:11-cv-00355-JMS-TAB |
| | ) | |
| D&S INDY, INC. D/B/A COLONIAL INN, CHES- | ) | |
| TER HALL, DANIEL REED, AND SHANNON | ) | |
| BOWMAN, | ) | |
| *Defendants.* | ) | |

## ORDER

Presently before the Court in this commercial general liability insurance coverage dispute are cross-motions for summary judgment by Plaintiff Omega US Insurance, Inc. ("Omega") and Defendant D&S Indy, Inc. d/b/a Colonial Inn ("Colonial").  [Dkts. 42; 44.]

### I.
### BACKGROUND

Debra Baker is the President of D&S Indy and, as such, is responsible for securing insurance for Colonial, a bar/tavern.  [Dkt. 45-1 at 2.]  In 2005, Ms. Baker began working with Fred Schoettle of Dant Insurance Agency in Indianapolis to secure commercial general liability ("CGL") insurance for Colonial.  [Dkts. 43-1 at 1; 45-1 at 3.]  In March 2010, Mr. Schoettle completed an application on behalf of Colonial for CGL insurance which he submitted to an insurance broker.  [Dkt. 43-1 at 1-2.]  The broker then provided a quote from Omega for CGL insurance.  [*Id.* at 2.]  Ms. Baker claims that, based on an October 2009 assault which occurred at Colonial and for which Colonial's previous insurer had denied coverage, "when we began securing the insurance policy at issue with Omega…we wanted to make sure we had all the insurance coverage we needed for our bar," and "[w]e asked Mr. Schoettle to secure the necessary insurance for [Colonial]."  [Dkt. 45-1 at 3.]  The quote for CGL coverage from Omega identified an

Assault and/or Battery Exclusion and a Total Liquor Exclusion as two "notable exclusions and endorsements." [Dkt. 43-1 at 7.] Christopher Dant of Dant Insurance Agency signed the Omega quote on behalf of Colonial, agreeing with its terms and conditions and asking Omega to bind coverage for Colonial. [*Id.* at 2, 6.] Omega issued a policy to Colonial effective April 11, 2010 ("the Policy"). [*Id.* at 8.]

The Policy included an Assault and/or Battery Exclusion, which provided in relevant part:

> The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured or Insured's employees, patrons or any other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property.

[Dkt. 7-1 at 15.] The Policy also contained a Total Liquor Exclusion, which stated:

> The coverage under this policy does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", or any injury, loss or damage arising out of:
>
> 1) Causing or contributing to the intoxication of any person; and/or
>
> 2) Furnishing alcoholic beverages to anyone under legal drinking age or under the influence of alcohol; and/or
>
> 3) Any statute, ordinance or regulation relating to sales, gift, distribution or use of alcoholic beverages; and/or
>
> 4) Any act or omission by any insured, any employee of any insured, patrons, members, associates, volunteers or any other persons respects providing or failing to provide transportation, detaining or failing to detain any person, or any act of assuming or not assuming responsibility for the well being, supervision or care of any person allegedly under or suspected to be under the influence of alcohol.

[*Id.* at 21.]

On May 13, 2010, while leaving Colonial, defendants Daniel Reed, Chester Hall, and Shannon Bowman were attacked by Jamie Parcher in or near the Colonial parking lot.  [Dkt. 43-2 at 1-2.]  Ms. Parcher allegedly stabbed Mr. Reed, Mr. Hall, and Ms. Bowman, causing injury.  [Dkts. 19 at 3; 23 at 2.]  Ms. Parcher was charged with one count of aggravated battery, two counts of felony battery, and one count of misdemeanor public intoxication.  [Dkt. 43-2 at 1-2.]  She eventually pled guilty to aggravated battery and is currently serving her sentence in the Indiana Department of Corrections.  [Dkts. 43-3 at 1-3; 43-4 at 1.]

In the aftermath of the attack, Mr. Reed demanded that Omega cover all of his claims against Colonial arising out of the attack.  [Dkt. 19 at 3 ¶ 8.]  Mr. Hall retained counsel who advised Omega that he intended to present a claim to Omega on behalf of Mr. Hall.  [Dkt. 23 at 3 ¶ 9.]  Omega advised Colonial that it was investigating coverage for the attack under a reservation of rights, and that it appeared the Assault and/or Battery Exclusion and the Total Liquor Exclusion might preclude coverage.  [Dkt. 50-1 at 7-8.]  Omega then filed the instant declaratory judgment action, seeking a declaration that it owes no duty to defend or indemnify Colonial in any claim or lawsuit that has been or may be filed by Mr. Reed, Mr. Hall, or Ms. Bowman arising out of the attack based on the Assault and/or Battery Exclusion and the Total Liquor Exclusion.  [Dkt. 7 at 4.][1]  Omega has filed a motion for summary judgment, [dkt. 42], and Colonial has filed a cross motion, [dkt. 44].

During briefing on the summary judgment motions, Mr. Reed and Mr. Hall both filed complaints in state court against Colonial and Ms. Parcher.  [Dkts. 62-1; 64-1.]  Mr. Reed asserts

---

[1] The Amended Complaint also requests a declaration that there is no coverage for any claim that has been or may be made by Mr. Reed, Mr. Hall, or Ms. Bowman arising out of the attack because "the attack did not result in 'bodily injury' caused by an 'occurrence.'"  [*Id.*]  Neither Omega nor Colonial discuss this argument in their summary judgment motions and, accordingly, the Court will not address it here.

claims against Colonial for negligent hiring, negligent supervision, negligent retention, criminal recklessness, and premises liability.  [Dkt. 62-1 at 2-5.]  Mr. Hall appears to assert a claim against Colonial for negligence by failing to provide adequate security and overserving its patrons.  [Dkt. 64-1 at 1-2.]  There is no evidence that Ms. Bowman has initiated any legal action against Colonial in connection with the attack.[2]

## II.
### STANDARD OF REVIEW

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor.  *See* Fed. R. Civ. Pro. 56.  To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial.  Fed. R. Civ. Pro. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits.  Fed. R. Civ. Pro. 56(c)(1)(A).  A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact.  Fed. R. Civ. Pro. 56(c)(1)(B).  Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated.  Fed. R. Civ. Pro. 56(c)(4).   Failure to properly support a

---

[2] Despite having received service of the Amended Complaint [dkt. 28], Ms. Bowman has not appeared, answered the Amended Complaint, or otherwise participated in this matter.

fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment.  Fed. R. Civ. Pro. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.*, 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment.  *Id*. at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact.  *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999).  And when evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex*, 477 U.S. at 330.

That cross-motions for summary judgment have been filed does not automatically mean that all questions of material fact have been resolved.  *Home Fed. Sav. Bank v. Ticor Title Ins. Co.*, 2011 U.S. Dist. LEXIS 110368, *2 (S.D. Ind. 2011).  The Court must evaluate each motion independently, making all reasonable inferences in favor of the nonmoving party with respect to each motion.  *Id.*

After having assessed the claims of the parties in accordance with the standards outlined above, the Court concludes that Omega is entitled to summary judgment.  Therefore, the Court

has made all reasonable factual inferences in favor of Colonial, Mr. Reed, Mr. Hall, and Ms. Bowman.  *See Celotex*, 477 U.S. at 330 n.2.

### III.
#### DISCUSSION

Omega argues in support of its summary judgment motion and in opposition to Colonial's summary judgment motion that coverage for any claims by Mr. Reed, Mr. Hall, or Ms. Bowman is precluded under the Policy's Assault and/or Battery Exclusion and Total Liquor Exclusion.  [Dkts. 43 at 8-11; 50 at 3-8; 52 at 4-9.]  Omega also asserts that the Policy's coverage is not illusory, that Colonial was well aware of those exclusions when it purchased the Policy, and that its summary judgment motion is not premature.  [Dkts. 43 at 11-19; 52 at 1-3, 9-15.]

Colonial and Mr. Reed argue in response to Omega's summary judgment motion, and Colonial argues in support of its own summary judgment motion, that Omega's summary judgment motion is premature because Mr. Reed, Mr. Hall, and Ms. Bowman had not yet filed complaints against Colonial, there is no evidence that any Policy exclusions apply, the Assault and/or Battery Exclusion is ambiguous, and the Policy's coverage is illusory.[3]  [Dkts. 44-1 at 7-11; 46 at 7-11; 49 at 4-7; 51 at 5-8; 53 at 6-9.]  Colonial also argues that it, through Ms. Baker, understood that the Policy provided coverage for assaults and batteries that occurred on the property of Colonial.  [Dkt. 49 at 7-8.]  Mr. Reed argues that there is at least a genuine issue of material fact regarding Colonial's expectation of coverage for assaults and batteries, such that summary judgment is inappropriate.  [Dkt. 51 at 8.]  Finally, Colonial argues in its brief and also in a Mo-

---

[3] Mr. Hall did not respond to Omega's summary judgment motion.

tion To Strike,[4] [dkt. 54], that Omega has relied upon inadmissible hearsay to establish several

facts.  Omega responds that the evidence Colonial seeks to strike relates only to application of

the Policy's Total Liquor Exclusion and not to the Assault and/or Battery Exclusion and that, in

any event, the evidence is not offered for the truth of the matter asserted and statements made by

counsel are admissible.  [Dkt. 55 at 1-4.][5]

### A.  Applicable Law

Under Indiana law, which the parties appear to agree controls, insurance policies are sub-

ject to the same rules of construction as other contracts.  *Commercial Union Ins. v. Moore*, 663

N.E.2d 179, 180 (Ind. Ct. App. 1996).  The Court must read an insurance policy as a whole; it

can neither extend coverage beyond what is provided nor rewrite unambiguous language.  *See*

*Shelter Ins. Co. v. Woolems*, 759 N.E.2d 1151, 1155 (Ind. Ct. App. 2001).  An insurance policy

is ambiguous only if reasonable people could disagree as to the meaning of its terms; however,

an ambiguity does not exist simply because the insured and the insurer disagree about the mean-

ing of a provision.  *Eli Lilly & Co. v. Zurich Am. Ins. Co.*, 405 F. Supp. 2d 948, 953 (S.D. Ind.

2005).

Whether an insurer has a duty to defend a particular lawsuit is determined by examining

the allegations of the underlying complaint.  *Transamerica Ins. Services v. Kopko*, 570 N.E.2d

1283,  1285 (Ind. 1991).  A duty to defend exists only if proof of the allegations could lead to

---

[4] The Court notes Local Rule 56.1(f) and the Court's Policies and Procedures, which state that
"[c]ollateral motions in the summary judgment process, such as motions to strike, are disfavored.
Any dispute regarding the admissibility or effect of evidence should be addressed in the briefs."
[Dkt. 35 at 3.]  This is especially true where, as here, Colonial had already raised the hearsay ar-
gument in its reply brief, [dkt. 53 at 1-6], and filed the Motion To Strike, [dkt. 54] – containing
the same arguments already made in the reply brief – the very same day.

[5] Counsel is directed to the Court's Policies and Procedures, which request that on cross-motions
for summary judgment, four briefs total be filed instead of three briefs on each motion (for a total
of six briefs).  [Dkt. 35 at 2.]  Had counsel followed this procedure, the Court would have avoid-
ed having to wade through numerous briefs containing duplicative arguments.

coverage. "[W]hen the underlying factual basis of the complaint, even if proved true, would not result in liability under the insurance policy, the insurance company can properly refuse to defend." *Cincinnati Ins. Co. v. Mallon*, 409 N.E.2d 1100, 1105 (Ind. Ct. App. 1980). The duty to defend is broader than the duty to indemnify. *Trisler v. Indiana Ins. Co.*, 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991). Therefore, if an insurer does not have a duty to defend, it follows also that the insurer does not have a duty to indemnify. *See, e.g., Ace Rent-A-Car, Inc. v. Empire Fire & Marine Ins. Co.*, 580 F. Supp. 2d 678, 690 (N.D. Ill. 2008) (applying Indiana law); *Erie Ins. Exchange v. Kevin T. Watts, Inc.*, 2006 U.S. Dist. LEXIS 91762, *3-4 (S.D. Ind. 2006).

**B. The Timing of Omega's Summary Judgment Motion**

Colonial and Mr. Reed argue that Omega's summary judgment motion is premature because no lawsuit had been filed against Colonial so it is not possible to determine what allegations Colonial would face and, therefore, whether the Policy would provide coverage. Colonial and Mr. Reed do not appear to complain about the timing of Omega's lawsuit in general – only about the timing of its summary judgment motion. Omega filed its summary judgment motion only nine days before the February 11, 2012 deadline for filing dispositive motions set forth in the Court's Case Management Order, [dkt. 33 at 2], which was based upon a Case Management Plan filed jointly by the parties and proposing that deadline, [dkt. 29 at 6]. Additionally, Colonial filed its own summary judgment motion just eleven days after Omega filed its motion. [Dkt. 44.] The Court fails to see how Omega's summary judgment motion could be considered premature.

To the extent Colonial and Mr. Reed are arguing that Omega cannot bring a declaratory judgment action at all because no claims have been asserted against Colonial, that argument is moot as to claims brought by Mr. Reed and Mr. Hall since both have now filed complaints

against Colonial in state court.   [Dkts. 62-1; 64-1.]   The Court finds that Omega's summary judgment motion as it relates to claims asserted by Mr. Reed and Mr. Hall against Colonial is ripe for adjudication.

As to claims not yet asserted by Ms. Bowman, the Court finds that its decision applies equally to those claims.  A court may enter a declaratory judgment as to claims not yet brought against the insured when the declaration being sought would cover similar circumstances and the interests of judicial efficiency are served by a more complete declaration.  *Dometic Corp. v. Liberty Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 74549, *9-10 (S.D. Ind. 2008).  Because Ms. Bowman would likely assert the same or similar claims as those asserted by Mr. Reed and Mr. Hall (and those claims would arise from the same attack in any event), and since re-litigating the coverage issues presented here if Ms. Bowman does initiate litigation against Colonial would be a waste of judicial resources, the Court's findings apply both to Mr. Reed's and Mr. Hall's asserted claims, as well as claims which may be asserted by Ms. Bowman.  *Id.* at *10.[6]

### C.  Whether the Policy Is Illusory

Colonial and Mr. Reed argue that the Policy provides illusory coverage, relying primarily on *Monticello Ins. Co. v. Mike's Speedway Lounge, Inc.*, 949 F. Supp. 694 (S.D. Ind. 1996). There, the Court focused on an "absolute liquor" exclusion which provided that "coverage under this policy does not apply to bodily injury nor property damage, arising out of or in connection

---

[6] While Ms. Bowman has not yet sued Colonial, her claims cannot be much different than those asserted by Mr. Reed and Mr. Hall.  If Ms. Bowman has evidence indicating that summary judgment in favor of Omega is inappropriate, the Court presumes she – and Mr. Hall, who never responded to Omega's summary judgment motion – would have presented it.  *See Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present…. Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.").  *See also* Local Rule 7-1(c)(5) ("The court may summarily rule on a motion if an opposing party does not file a response within the deadline").

with the manufacturing, selling, distributing, serving or furnishing of any alcoholic beverages." *Id.* at 696.  The insured, a bar/tavern, argued that the policy was illusory because virtually every claim would be excluded by the absolute liquor exclusion's language.  The Court agreed, expressing concern with the "in connection with" language of the exclusion and noting that "[i]f [the bar] had sold, served or furnished alcohol to the hypothetical patron who slipped on an icy sidewalk (whether the patron consumed alcoholic beverages or not), the absolute liquor exclusion would preclude coverage."  *Id.* at 702.  Because it found that the absolute liquor exclusion provided illusory coverage, the Court held that the insurer could not take advantage of the policy's assault and battery exclusion (which was virtually identical to the Assault and/or Battery Exclusion at issue here) even though the allegations against the insured "clearly [fell] within the parameters of [that exclusion]."  *Id.* at 702.

In order to determine whether the Policy here provides illusory coverage under *Monticello*, we focus on the language of the Policy's Total Liquor Exclusion which provides that "[t]he coverage under this policy does not apply to 'bodily injury', 'property damage', 'personal injury', 'advertising injury', or any injury, loss or damage arising out of" certain actions.  [Dkt. 7-1 at 21.]  Because the Policy's Total Liquor Exclusion does not include the "in connection with" language at issue in the *Monticello* absolute liquor exclusion, the Court finds that the Total Liquor Exclusion is not illusory.  The Court can conceive of many claims against Colonial for which the Policy would provide coverage, despite the Total Liquor Exclusion.  For example, the Policy would cover allegations against Colonial from the *Monticello* Court's hypothetical patron slipping and falling on ice outside Colonial, or from a patron being hit by a falling light fixture inside Colonial.  *See Nautilus Ins. Co. v. Squaw Bar, Inc.*, 2012 U.S. Dist. LEXIS 43536, *9-10 (N.D. Ill. 2012) (holding that policy with nearly identical liquor liability exclusion was not illu-

sory because exclusion did not contain the "in connection with" language at issue in *Monticello*, and finding that coverage for allegations relating to bar fight was precluded under the liquor liability and assault and battery exclusions).  Accordingly, the Court finds that the coverage provided by the Policy here is not illusory.

### D.  Applicability of the Assault and/or Battery Exclusion

The Policy's Assault and/or Battery Exclusion precludes coverage for any claim or suit "arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such act, whether caused by or at the instigation or direction of [Colonial's] employees, patrons or any other person."  [Dkt. 7-1 at 15.]  The Exclusion specifically precludes coverage for "any charges or allegations of negligent hiring, training, placement or supervision."  [*Id.*]

Here, the Assault and/or Battery Exclusion is not ambiguous[7] and precludes coverage for claims or suits by Mr. Reed, Mr. Hall, and Ms. Bowman.  The Policy does not cover any claim, suit, cost or expense arising out of assault and/or battery.  [*Id.* at 15.]  There is no dispute here that, as Mr. Reed and Mr. Hall allege in their state court complaints, [dkts. 62-1 at 1-2; 64-1 at 1], Ms. Parcher committed battery when she attacked Mr. Reed, Mr. Hall, and Ms. Bowman in or near Colonial's parking lot.  There simply is no basis for the argument that the claims which may be asserted by Ms. Bowman, or which have been asserted by Mr. Reed and Mr. Hall against Omega in their state court complaints – negligent hiring, supervision, retention, and failure to

---

[7] Colonial argues that there is no evidence that Ms. Parcher was a patron at Colonial, that the phrase "any other person" is ambiguous and that, therefore, the Exclusion does not apply.  [Dkt. 44-1 at 10.]  First, the Court fails to see how reasonable people could have differing interpretations of the phrase "any other person."  It simply means a person other than a Colonial employee or patron.  Second, Mr. Hall alleges in his state court complaint that Ms. Parcher was, in fact, a Colonial patron on the night of the attack, [dkt. 64-1 at 1], and neither Mr. Reed nor Colonial have presented any evidence suggesting otherwise.  But, in any event, Ms. Parcher is an "other person" for purposes of the Exclusion.

provide adequate security; criminal recklessness; premises liability; and "overserving patrons" – which all relate to Colonial's alleged failure to prevent the attack, do not "arise out of" the assault. *See Evanston Ins. Co. v. Deer-Bell, Inc.*, 2009 U.S. Dist. LEXIS 11287, *5 (S.D. Ind. 2009) (holding that policy which excluded injury, loss or damage arising out of assault and/or battery "whether caused by or at the instigation or direction of the insured" precluded coverage for negligent security claim alleged by bar patron who was shot by another bar patron); *Smock v. KTK, Inc.*, 748 N.E.2d 432, 436 (Ind. Ct. App. 2001) (exclusion for acts or omissions relating to the prevention or suppression of a battery precluded coverage for negligent hiring, supervision, and training of bar employee where patron died after employee and another patron were involved in physical altercation with him, because exclusion was "not triggered only when the cause of action explicitly alleges an intentional assault or battery…[but also] if the batteries could be seen to have been made possible by [the bar's] own negligence"). In short, all of Mr. Reed's and Mr. Hall's claims were brought, and any of Ms. Bowman's claims would be brought, because of the attack and "arise out of" it, making the Assault and/or Battery Exclusion applicable.

Additionally, the Policy also goes a step further and specifically precludes coverage for "any charges or allegations of negligent hiring, training, placement or supervision." [Dkt. 7-1 at 15.] This clause unequivocally bars coverage for Mr. Reed's negligent hiring, negligent supervision, and negligent retention claims, Mr. Hall's negligence claim related to his allegations that Colonial did not provide adequate security, and any similar claims that could be brought by Ms. Bowman. *Evanston Ins. Co.*, 2009 U.S. Dist. LEXIS 11287 at *5. Accordingly, any claims al-

leged by Mr. Reed, Mr. Hall, or Ms. Bowman stemming from the attack are not covered due to the Policy's Assault and/or Battery Exclusion.[8]

### E.  Colonial's "Reasonable Expectation" of Coverage

Colonial also argues that the Assault and/or Battery Exclusion is unenforceable because it, through Ms. Baker, understood the Policy to provide coverage for assaults and batteries that occurred on the property of Colonial.  [Dkt. 49 at 7.]  In support of its argument, Colonial submits Ms. Baker's Affidavit, wherein she states that she was "never advised by Mr. Schoettle at any time before the [attack], that our policy of insurance with Omega…did not provide coverage for assaults and/or batteries on our property," and that "[i]t was [her] understanding and expectation based on [her] communications with Mr. Schoettle and [her] experience years ago with another insurance carrier that [Colonial's] policy with Omega…would provide insurance coverage for assaults and/or batteries that occurred on our property."  [Dkt. 45-1 at 3-4.]  Omega counters with an affidavit from Mr. Schoettle in which he states that he was aware of the Policy's Assault and/or Battery Exclusion and discussed it with Ms. Baker during the Policy application process. [Dkt. 43-1 at 2, 8.]

Under Indiana law, a court may enforce an insurance policy according to the reasonable expectations of the insured when the policy is found to be ambiguous or illusory.  *American Family Mut. Ins. Co. v. Welton*, 926 F. Supp. 811, 815 (S.D. Ind. 1996).  As discussed above, the Policy here is neither.  Further, even if the reasonable expectation doctrine applied, the Court will not alter the plain language of the Policy based solely on Ms. Baker's vague statements that she "understood" that Mr. Schoettle was "securing all the necessary coverage for [Colonial], including coverage if someone was injured in a fight on the property of [Colonial]," that Mr.

---

[8] Because the Court has found that the Assault and/or Battery Exclusion applies, it need not reach the question of whether the Total Liquor Exclusion precludes coverage.

Schoettle never advised her that the Policy did not cover assault and/or battery, and that it was her "understanding and expectation" that the Policy would provide coverage for assault and/or battery.  [Dkt. 45-1 at 3-4.]  Ms. Baker does not state that Mr. Schoettle told her assault and/or battery would be covered and, moreover, Colonial's representatives had a duty to read the Policy and make sure the coverage it was purchasing was as expected.  *Barnes v. McCarty*, 893 N.E.2d 325, 329 (Ind. Ct. App. 2008).  *See also Nautilus Ins. Co.*, 2012 U.S. Dist. LEXIS 43536 at *10 ("We understand that Nautilus' president may have been expecting or hoping that the policy would be broader, but we are concerned about the incentives that would be created if a party can rely on vague assertions, made after the fact, to undo clear contractual language").

Despite what Colonial's expectations may or may not have been regarding the Policy's coverage, the Court will not alter the plain language of the Assault and/or Battery Exclusion.[9] Accordingly, the Court finds that Omega does not have a duty to defend Colonial against claims made by Mr. Reed, Mr. Hall, or Ms. Bowman and, consequently, does not have a duty to indemnify Colonial for those claims.

## IV.
### CONCLUSION

For the foregoing reasons, Omega has no duty to defend or indemnify Colonial with respect to claims made by Mr. Reed, Mr. Hall, or Ms. Bowman.  The Court **GRANTS** Omega's Motion For Summary Judgment, [dkt. 42], and **DENIES** Colonial's Motion For Summary Judgment, [dkt. 44].  Additionally, because Colonial's Motion To Strike, [dkt. 54], relates exclusively to evidence regarding the applicability of the Total Liquor Exclusion, and since the Court

---

[9] If Colonial believes that Mr. Schoettle was negligent in procuring coverage with an assault and/or battery exclusion, it is not without remedy.  It can bring, and in fact has already brought, a separate action against Mr. Schoettle and Dant Insurance Agency for failure to secure adequate coverage.  [Dkt. 66-1.]

has not based its ruling on any of the evidence that Colonial claims is hearsay, the Court **DE-NIES AS MOOT** Colonial's Motion To Strike.  Judgment will enter accordingly.

08/21/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

<u>**Distribution via ECF only**</u>:

Nicholas F. Baker
THE HASTING LAW FIRM
nbaker@lawindianapolis.com

Thomas Edward Hastings
THE HASTINGS LAW FIRM
thastings@lawindianapolis.com

Dean L. Knapp
mel-hendricks@hotmail.com

A. Kristine Lindley
SKILES DETRUDE
klindley@skilesdetrude.com

Kori L. McOmber
SCHULTZ & POGUE LLP
kmcomber@schultzpoguelaw.com

Thomas R. Schultz
SCHULTZ & POGUE LLP
tschultz@schultzpoguelaw.com

- 15 -